**FILED**
U.S. District Court
District of Kansas
08/25/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JORDAN M. LEFFEL,**

**Plaintiff,**

**v.** **CASE NO. 26-3055-JWL**

**COLBY CRUM, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims relate to his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 6, 2026, the Court entered a Memorandum and Order (Doc. 5) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report. The *Matinez* Report (Docs. 10, 12) (the "Report") was filed, and on July 23, 2026, the Court entered a Memorandum and Order (Doc. 15) ("M&O") granting Plaintiff an opportunity to respond to the Report and granting Defendants thirty days from the date service is executed to file a dispositive motion on the issue of exhaustion. This matter is before the Court on Plaintiff's Motion to Unseal (Doc. 17) and Motion for Amendment of Complaint (Doc. 18).

In his motion to unseal, Plaintiff asks to have "several exhibits" to the Report unsealed.

(Doc. 17, at 1.) Plaintiff argues that he is proceeding pro se and therefore he is acting as his own attorney. *Id*. He claims that he needs access to the exhibits to properly prepare his case. *Id*. Plaintiff does not refer to any particular exhibit.

This Court entered an Order (Doc. 13) granting the KDOC's motion to redact and/or seal exhibits. The exhibits that were not provided to Plaintiff included the Kansas Adult Supervised Population Electronic Repository ("KASPER") report for Plaintiff. The KASPER report is Exhibit 1 and was filed with Plaintiff's date of birth redacted. Plaintiff was not provided with a copy of the KASPER report because it is a security risk and "it is presumed that he knows his date of birth and his criminal charges." (Doc. 13, at 1.)

The Order also provides that Plaintiff will not be given documents and photographs that are redacted from Exhibits 5 and 6 because they relate to other non-party KDOC residents. *Id*. at 1–2. The Order provides that Plaintiff will be provided with the redacted versions of those exhibits. *Id*. at 2.

The Order provides that Plaintiff will not be given copies of Exhibits 3 and 4 because those exhibits are disciplinary reports for other KDOC residents who are not parties to this action. *Id*. Exhibit 10 contains internal KDOC policies and procedures that are designated as "Staff Read Only" for security reasons. Exhibit 15 contains sensitive information concerning current KDOC residents whose safety and privacy would be jeopardized by production. *Id*. Lastly, Exhibit 7 contains video footage of the cell house and was not provided to Plaintiff for security reasons. *Id*. at 3.

The Report states that no grievances or personal injury complaints related to the incident were found, and "it appears Plaintiff had failed to attempt any kind of administrative remedy to resolve this complained of injury or reasonably notify KDOC/LCF staff of any need for protection

from other residents." (Doc. 10, at 8.) The Court found in the MOSC that the issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing his lawsuit must be determined before reaching the merits of his lawsuit. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("unexhausted claims cannot be brought in court") (citation omitted); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (an inmate who does not complete the grievance process is barred from pursuing a §1983 claim). Under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little*, 607 F.3d at 1249 (citations omitted). Therefore, the Court granted Defendants an opportunity to file a dispositive motion on the issue of exhaustion. The deadline for filing any such motion has not passed.

Court denies the motion to unseal without prejudice to the Court reconsidering the motion if Plaintiff's Complaint survives any dispositive motion that may be filed on the issue of exhaustion.

Plaintiff filed a Motion for Amendment of Complaint, arguing that although Colby Crum states in his affidavit that he was unaware there was a second inmate residing in the cell, "in the photo evidence from the Martinez Report it clearly shows that the cell in question had two name tags on the door." (Doc. 18, at 1.) Plaintiff then states that he would like to add the following to the nature of the case in his Complaint:

> Rather [sic] the officers were or were not aware of inmate Bell residing in the cell they were both aware that inmate Smith was placed in my cell so even if only one inmate resided in the next cell both officers should have been escorting inmate Smith and myself and making sure we were secure before any other door was opened. . . . If officers Crum and Goldston would have followed policies and procedures with my cell the next cell would not have been opened whether the inmates were restrained or not.

(Doc. 18, at 2.) The Court denies the motion without prejudice to Plaintiff filing a new motion if

his Complaint survives any dispositive motion that may be filed on the issue of exhaustion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 17, 18) are **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated August 25, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**