FILED
U.S. District Court
District of Kansas
09/30/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JORDAN M. LEFFEL,**

**Plaintiff,**

**v.** **CASE NO. 26-3055-JWL**

**COLBY CRUM, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims relate to his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 6, 2026, the Court entered a Memorandum and Order (Doc. 5) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate KDOC officials to prepare and file a *Martinez* Report. The *Matinez* Report (Docs. 10, 12) (the "Report") was filed, and on July 23, 2026, the Court entered a Memorandum and Order (Doc. 15) ("M&O") granting Plaintiff an opportunity to respond to the Report and granting Defendants thirty days from the date service was executed to file a dispositive motion on the issue of exhaustion. On September 23, 2026, Defendants filed a Motion to Dismiss (Doc. 25). This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 24).

Plaintiff seeks the appointment of counsel, arguing that he cannot afford counsel, and because his motion to unseal documents was denied, he needs counsel to review the sealed

documents. (Doc. 24, at 1.) Plaintiff also claims that he has a KDOC employee witness that can confirm "that the proper claims were filed through LCF staff but have now been covered up . . .." *Id*. Plaintiff claims that due to his incarceration, he cannot contact the witness. *Id*.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*,

393 F.3d at 1115. The Court has reviewed the exhibits that are sealed in this case, and none of the sealed exhibits relate to the issue of exhaustion.[1] The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

On September 23, 2026, the Defendants filed a Motion to Dismiss (Doc. 25) based on the failure of Plaintiff to exhaust his administrative remedies. *See* Doc. 26 (Brief in Support of Motion to Dismiss). The Court's Local Rules provide that responses to motions to dismiss "must be filed within 21 days after the motion is served." D. Kan. Rule 6.1(d)(1). Any motion for an extension of time to respond "must be filed as soon as practicable and in no event less than 3 days before the specified time." D. Kan. Rule 6.1(a). Rule 7.1(c) provides that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.1(c).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 24) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated September 30, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff alleges cruel and unusual punishment based on an attack by another inmate. The sealed exhibits include Plaintiff's medical records and KASPER record, disciplinary and use of force reports for other inmates, photographs relating to the incident, the KDOC's IMPP regarding Use of Force, and administrative housing reports for other inmates. (Doc. 12.)