FILED
U.S. District Court
District of Kansas
11/18/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JORDAN M. LEFFEL,**

**Plaintiff,**

**v.** **CASE NO. 26-3055-JWL**

**COLBY CRUM, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims relate to his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. This matter is before the Court on the Motion to Dismiss by Defendants Colby Crum, Gene Goldston Jr., and Jesse Howes (Doc. 25).

### I. Background

Plaintiff's factual allegations are set forth in detail in the Court's Memorandum and Order at Doc. 5 and Memorandum and Order at Doc. 15.[1] In summary, the claims in Plaintiff's Complaint are based on an incident occurring at LCF on February 2, 2025, when inmates were being removed from their cells to use the phone. (Doc. 1, at 3.) Plaintiff claims that LCF officers failed to protect him when he was attacked by another inmate. *Id.* at 3–5. Plaintiff alleged that the officers were grossly negligent and violated his right to be free from cruel and unusual

[1] Plaintiff does not challenge LCF's grievance procedures in his Complaint. *Cf. Perttu v. Richards*, 605 U.S. 460, 464 (2025) (noting that in some cases the question of whether a prisoner has exhausted is intertwined with the merits of the prisoner's claims).

punishment and provided him with unsafe living conditions. *Id*. at 5–7. On Plaintiff's Complaint, he checked the "No" box in response to the question as to whether or not he sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in his Complaint. *See* Doc. 1, at 7.

On September 23, 2026, Defendants filed a Motion to Dismiss (Doc. 25) based on Plaintiff's failure to exhaust administrative remedies. (Doc. 26.) The Motion to Dismiss and Brief in Support include Certificates of Service providing that they were mailed to Plaintiff on September 23, 2026. *Id*. at 2; Doc. 26, at 5. Defendants filed a "Certificate of Service of Motion to Dismiss" that includes a USPS return receipt showing that the Motion to Dismiss and Memorandum in Support were delivered to EDCF on September 28, 2026. (Doc. 29.)

On September 30, 2026, the Court entered a Memorandum and Order (Doc. 27) denying Plaintiff's motion for appointment of counsel. In that Memorandum and Order, the Court stated that:

> On September 23, 2026, the Defendants filed a Motion to Dismiss (Doc. 25) based on the failure of Plaintiff to exhaust his administrative remedies. *See* Doc. 26 (Brief in Support of Motion to Dismiss). The Court's Local Rules provide that responses to motions to dismiss "must be filed within 21 days after the motion is served." D. Kan. Rule 6.1(d)(1). Any motion for an extension of time to respond "must be filed as soon as practicable and in no event less than 3 days before the specified time." D. Kan. Rule 6.1(a). Rule 7.1(c) provides that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.1(c).

(Doc. 27, at 3.) That Memorandum and Order was mailed to Plaintiff the day it was entered. Plaintiff failed to respond to the Motion to Dismiss within the 21-day deadline set forth in D. Kan. Rule 6.1(d)(1). On October 22, 2026, the Court entered an Order to Show Cause (Doc. 28)

("OSC") granting Plaintiff until November 4, 2026, to show good cause why Defendants' Motion to Dismiss should not be granted as uncontested. Plaintiff has failed to respond to the OSC or to Defendants' Motion to Dismiss and the time to do so has expired. For the reasons explained below, the Court grants Defendants' motion.

**I. Standard**

When analyzing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled factual allegations in the Complaint as true and resolve all reasonable inferences in the Plaintiff's favor. *Carr v. El Paso Cnty. Jail*, 2023 WL 2825923, at *2 (D. Colo. 2023), *aff'd* 2023 WL 5695675 (10th Cir. 2023) (citations omitted). The Court is not bound to accept as true legal conclusion couched as a factual allegation. *Id*.

Because Plaintiff is proceeding pro se, the Court liberally construes his pleadings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

**II. Discussion**

Defendants argue that the Complaint should be dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based on Plaintiff's failure to exhaust his administrative remedies. (Doc. 26, at 1.) "A defendant may properly raise an argument that plaintiff failed to exhaust his administrative remedies at the motion to dismiss stage as a 12(b)(6) motion. *Carr*, 2023 WL 2825923, at *3 (citations omitted).

An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court.

Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of exhaustion include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record") (citations omitted).

This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by properly following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "The level of detail necessary in a grievance to comply

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

In a suit governed by the PLRA, failure to exhaust is an affirmative defense and the defendant has the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Although a defendant bears the burden of 'proving that the plaintiff did not [exhaust his] administrative remedies,' once the defendant has carried that burden, 'the onus falls on the plaintiff to show that remedies were unavailable to him.'" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (alteration in original) (citing *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)).

The Defendants' motion to dismiss sets forth the Kansas Department of Corrections' four-part grievance procedure that was available to Plaintiff at LCF. (Doc. 26, at 2.) This process calls for the prisoner to take four steps: (1) seek informal resolution with prison personnel, (2) submit a grievance with the appropriate until team members, (3) submit the grievance to the warden, and (4) submit the grievance with the Secretary of Corrections. K.A.R. 44-15-101(a) to (c).

Defendants point to Plaintiff's Complaint and allege that Plaintiff made no attempt to exhaust his administrative remedies. (Doc. 26, at 4.) Plaintiff marked "No" in response to the question on the Complaint asking if he sought informal or formal relief through the administrative grievance process. If "No" is checked, the form gives a plaintiff the opportunity to "briefly explain why administrative relief was not sought." (Doc. 1, at 7.) Plaintiff provided no explanation. *Id.*

Plaintiff has also failed to respond to the Court's Memorandum and Order (Doc. 15) granting him an opportunity to respond to the *Martinez* Report filed in this case. He also failed to

respond to the Motion to Dismiss and to the Court's Order to Show Cause why the motion should not be granted as unopposed.

The issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing his lawsuit must be determined before reaching the merits of his lawsuit. *Little*, 607 F.3d at 1249 ("unexhausted claims cannot be brought in court") (citation omitted); *see also Jernigan*, 304 F.3d at 1032 (an inmate who does not complete the grievance process is barred from pursuing a §1983 claim). Under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little*, 607 F.3d at 1249 (citations omitted).

The Defendants' Motion to Dismiss is granted. Defendants seek dismissal with prejudice. Ordinarily, dismissals based on the failure to exhaust administrative remedies are without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice.") (citation omitted).

However, in *Kidd v. Baker*, the Tenth Circuit noted that although dismissals for failure to exhaust are usually without prejudice, where the record indicates that the plaintiff could not now file a timely administrative grievance, allowing the plaintiff "an attempt to properly exhaust his claims would be futile." *Kidd v. Baker*, 2023 WL 2396530, at n.2 (10th Cir. 2023) (unpublished) (citing *Thompson v. Coulter*, 680 F. App'x 707, 712 (10th Cir. 2017) (unpublished)). The court in *Thompson* found that although "[a] without-prejudice dismissal would permit the prisoner to cure the defect if 'the time permitted for pursuing administrative remedies has not expired[,]'" where it is undisputed that the plaintiff's time for filing a grievance has expired, "[a]llowing him

another attempt to show exhaustion would be futile." *Thompson*, 680 F. App'x at 712. Therefore, the Court will grant Defendants' request to dismiss this case with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 25) is **granted**.

**IT IS FURTHER ORDERED** that this matter is **dismissed with prejudice.**

**IT IS SO ORDERED**.

**Dated November 18, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**